**THE LAW OFFICES OF LEON OZERAN**
Leon Ozeran, Esq., CA Bar No.: 296071
5404 Whitsett Ave., Suite 212
Valley Village, CA 91607
Tel: (310) 461-3730
Email: leon@ozeranlaw.com

Attorneys for Plaintiff
RUFFINA YURYEVA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| RUFFINA YURYEVA, individually, and on behalf of a class of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> SUNDIAL BRANDS LLC; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.  2:26-cv-6387 <br><br> **PLAINTIFF'S CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff RUFFINA YURYEVA ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, brings this Class Action Complaint ("Complaint") against Defendant SUNDIAL BRANDS LLC ("Defendant"), and alleges, upon personal knowledge as to her own actions and her counsel's investigation, and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1.     This is a consumer class action arising from Defendant Sundial Brands LLC's false and misleading marketing, labeling, advertising, and sale of

SheaMoisture hair, personal, and baby care products, including, but not limited to, "Daily Hydration Shea Sugar Scrub," "Moisture & Smooth Shampoo," "Moisture & Smooth Conditioner," "Daily Hydration Body Oil," "Daily Hydration Body Wash," "Daily Hydration Body Lotion," "Daily Hydration Shampoo," "Daily Hydration Conditioner," "Daily Hydration Leave-In Treatment," "Baby Wash & Shampoo," and "Baby Lotion" (the "Products"). The Products are available in a variety of sizes. Each Product bears the same "100% Virgin Coconut Oil" representation on the front label.

2. Defendant prominently labels the Products as "100% Virgin Coconut Oil" on the front of the package. That representation appears at the point of sale where consumers make quick purchasing decisions and communicates that the Products are, consist of, or are made wholly or predominantly with virgin coconut oil.

3. The representation is false, misleading, and likely to deceive reasonable consumers. The unqualified front-label "100% Virgin Coconut Oil" claim misleadingly conveys that virgin coconut oil is the exclusive, predominant, or defining characterizing ingredient, when in fact coconut oil is not the only ingredient, nor the predominant one.

4. The back-label ingredient list confirms that the Products are not wholly or predominantly virgin coconut oil. Indeed, for the Moisture & Smooth Conditioner, coconut oil is the *seventh* ingredient listed; for the Daily Hydration Body Lotion, coconut oil is the *tenth* ingredient listed.

5. The deception is material. Consumers purchase SheaMoisture products, and pay a price premium for them, because the "100% Virgin Coconut Oil" signals a premium prominent ingredient. Had class members known the truth, they would not have purchased the Products, or would have paid less for them.

6. Defendant could have truthfully labeled the Products as "***with*** virgin coconut oil," "***made with*** virgin coconut oil," "***infused with*** virgin coconut oil," or

"*contains* 100% virgin coconut oil" if it intended only to describe one ingredient. Instead, Defendant chose the stronger and more absolute front-label representation "100% Virgin Coconut Oil" without adequate qualification on the front label.

7. Plaintiff Ruffina Yuryeva purchased the Moisture & Smooth Conditioner in Los Angeles, California, in reliance on Defendant's front-label representation. Had Plaintiff known the truth, she would not have purchased the Product or would have paid materially less for it.

8. Plaintiff brings this action under California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq.; False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq.; and Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq. on behalf of all consumers in California.

## PARTIES

9. Plaintiff Ruffina Yuryeva is, and at all relevant times was, a citizen and resident of Los Angeles, California.

10. Defendant Sundial Brands LLC is a New York limited liability company that owns, operates, manufactures, markets, advertises, distributes, and/or sells SheaMoisture products throughout the United States, including in California. Upon information and belief, none of Defendant's members is a citizen of California.

11. Defendant designed, authorized, approved, disseminated, and/or controlled the challenged labeling and advertising for the Products.

12. The true names and capacities of Defendants sued as Does 1 through 10 are unknown to Plaintiff. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each Doe Defendant was responsible in some manner for the acts and omissions alleged herein.

COMPLAINT

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(d) of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members; (ii) there is an aggregate amount in controversy exceeding $5,000,000.00, exclusive of interest and costs; and (iii) minimal diversity exists.

14. This Court has personal jurisdiction over Defendant because Defendant purposefully directs, markets, distributes, and sells the challenged products in California, including in this District, and derives substantial revenue from those sales.

15. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including Plaintiff's purchase of the challenged product and exposure to the challenged representations. Defendant also markets, distributes, and sells the Products in this District.

## FACTUAL BACKGROUND

### A. Plaintiff's Experience

16. In Spring 2025, Plaintiff purchased the SheaMoisture Moisture & Smooth Conditioner from a retailer in Los Angeles, CA. Plaintiff relied on Defendant's deceptive labeling claims and material omissions (*i.e.* the challenged "100% virgin coconut oil" front-label claim) when making her purchase decision.

17. Plaintiff saw and relied on the front-label "100% virgin coconut oil" representation when making her purchase decision. Plaintiff understood the "100% virgin coconut oil" representation to mean that the conditioner Product was made wholly or predominantly with virgin coconut oil, or otherwise contained virgin coconut oil in a manner materially consistent with the front-label representation. In fact, the Product is not wholly or predominantly virgin coconut oil.

COMPLAINT

18.     Plaintiff's understanding was reasonable in light of the Product's front-label wording, the prominence of the representation, the premium positioning of the SheaMoisture brand, and Defendant's omission of any adequate front-label qualifier.

19.     The representation was material to Plaintiff.  Plaintiff would not have purchased the Product, or would have paid less for it, had she known that the Product was not 100% virgin coconut oil and instead contained multiple other ingredients.

20.     Plaintiff suffered economic injury by paying for a Product that was worth less than represented and by paying a price premium attributable to Defendant's false and misleading labeling.

21.     Plaintiff desires to purchase SheaMoisture products containing virgin coconut oil in the future, but cannot rely on Defendant's current labeling because she cannot determine from the front label whether "100% Virgin Coconut Oil" means a product made wholly or predominantly with virgin coconut oil or merely a product containing some amount of coconut oil.

**B. The Products and the Challenged Representations**

22.     The Products are sold under the SheaMoisture brand and marketed as "100% Virgin Coconut Oil."  The Products are sold in brick-and-mortar and online retail channels throughout California, including through national retailers.

23.     The Products' front labels prominently display the words "100% Virgin Coconut Oil."  A subset of Product images are included here:



5
COMPLAINT






COMPLAINT

24. On the very same front labels, Defendant uses "with" and "made with" qualifiers for ingredients it intends to identify as mere components (rosemary, vitamin E, sweet pea, shea butter) — yet it presents coconut oil, and coconut oil alone, with the unqualified quantitative formulation "100% Virgin Coconut Oil." The contrast within a single label confirms that the "100%" claim communicates something categorically different from an ingredient callout.

25. Defendant's "100% Virgin Coconut Oil" statement is an absolute and quantitative representation. The phrase "100%" is not a vague puffery statement; it communicates an objective fact about the Products' composition, ingredient identity, and/or formulation. The phrase is not ambiguous; it does not prompt a reasonable consumer to review the back label to dispel an ambiguity.

26. Reasonable consumers understand the unqualified front-label statement "100% Virgin Coconut Oil," particularly when displayed prominently as a product-identifying claim, to mean that virgin coconut oil is the Product's exclusive or predominant characterizing ingredient, or at minimum that the Product contains virgin coconut oil in a substantial amount consistent with that representation. In truth, coconut oil is not a predominant ingredient and appears only as a minor ingredient in the Products. The Products' ingredient lists establish that virgin coconut oil is not the only or predominant ingredient in the Products:

| Product | Exact front-label claim | Coconut oil ingredient rank |
|---|---|---|
| Baby Wash & Shampoo | "100% Virgin Coconut Oil" | 12th |
| Daily Hydration Shea Sugar Scrub | "100% Virgin Coconut Oil" | 10th |
| Daily Hydration Body Lotion | "100% Virgin Coconut Oil" | 10th |
| Daily Hydration Body Oil | "100% Virgin Coconut Oil" | 9th |
| Daily Hydration Body Wash | "100% Virgin Coconut Oil" | 9th |
| Baby Lotion | "100% Virgin Coconut Oil" | 8th |
| Daily Hydration Shampoo | "100% Virgin Coconut Oil" | 8th |

COMPLAINT

| Product | Exact front-label claim | Coconut oil ingredient rank |
|---|---|---|
| Baby Wash & Shampoo | "100% Virgin Coconut Oil" | 12th |
| Moisture & Smooth Conditioner | "100% Virgin Coconut Oil" | 7th |
| Moisture & Smooth Shampoo | "100% Virgin Coconut Oil" | 7th |
| Daily Hydration Leave-In Treatment | "100% Virgin Coconut Oil" | 5th |
| Daily Hydration Conditioner | "100% Virgin Coconut Oil" | 5th |

27. Defendant knows how to use qualifying language when it intends to communicate that a product merely contains or is blended with an ingredient. For example, Defendant and its retailers use terms such as "made with," "with," "infused with," "featuring a blend," or "blended with" when describing products that merely contain a highlighted ingredient. For example, SheaMoisture Bonding Oil's label states "w/ Amla Oil" and "made with fair trade shea butter." The Products' front label, however, omits such clarifying words and instead uses the unqualified representation "100% Virgin Coconut Oil."

28. But the Products are not wholly or predominantly made from virgin coconut oil. Because the Products are not 100% virgin coconut oil, Defendant's representation is false, misleading, and likely to deceive reasonable consumers.

COMPLAINT

29. Defendant's own products confirm the misleading nature of the challenged labeling. Defendant also sells a SheaMoisture 100% Extra Virgin Coconut Oil Head-to-Toe Nourishing Hydration product that is composed solely or predominantly of coconut oil. By using the "100% Virgin Coconut Oil" representation on multi-ingredient conditioners, shampoos, lotions, washes, and scrubs, Defendant blurs the distinction between a true coconut-oil product and products that merely contain coconut oil as one ingredient among many.



30. The Products are sold at a premium price compared with competing products and private-label alternatives.

31. The Products' ingredient lists do not cure the deception created by the front label. Reasonable consumers should not be required to turn the package around, parse a dense ingredient list, and infer that the prominent front-label representation is false or means something materially narrower than what it says.

32. Defendant's labeling is especially misleading because the Products are sold in a market where consumers value natural, plant-based, premium, and authentic ingredients. Coconut oil, and specifically virgin coconut oil, is a desirable and price-premium ingredient in hair, personal, and baby-care products.

COMPLAINT

33. Defendant's "100% Virgin Coconut Oil" representation enables Defendant to command a price premium and to increase sales by differentiating the Products from competitor products.

34. The challenged representation is uniform and/or substantially similar across all Products during the relevant period.

35. The Products are substantially similar because each bears the same challenged "100% Virgin Coconut Oil" front-label representation; each is part of the same SheaMoisture 100% Virgin Coconut Oil product line; each uses substantially similar packaging, color scheme, and marketing; each is sold to consumers seeking natural/premium coconut-oil-based personal-care products; and each contains coconut oil as only one ingredient among many rather than as the exclusive or predominant ingredient.

36. Defendant's challenged claim is an objective claim, not mere puffery. Whether a product consists wholly or predominantly of a specific ingredient is capable of verification.

37. Consumers rely on the representation when making their purchase decision and are damaged as a result.

**C. Materiality, Reliance, and Injury**

38. The challenged representations are material. Consumers seek products made wholly or predominantly of virgin coconut oil.

39. Defendant intended consumers to rely on the challenged representation.

40. Defendant placed the challenged representation on packaging, product pages, advertisements, and retailer listings because it knew the claims would influence purchasing decisions.

41. Plaintiff saw, read, and relied on the challenged representation before purchasing the Product.

COMPLAINT

42.    Class members were exposed to the same or substantially similar challenged representation through uniform packaging, online product listings, and advertising.

43.    Plaintiff and class members paid more for the Products than they otherwise would have paid, or purchased Products they otherwise would not have purchased, because of Defendant's misleading representations.

44.    The Products were worth less than represented.

45.    Plaintiff and class members suffered economic injury, including overpayment and loss of the benefit of the bargain.

**D. Defendant's Knowledge**

46.    Defendant knew or should have known that the challenged representations were false or misleading.

47.    Defendant is a sophisticated personal-care product company that controls the formulation, packaging, labeling, marketing, and advertising of the Products.  Defendant knows the Products' formulation and knows that the Products are not made entirely or predominantly with virgin coconut oil.

48.    Defendant also knows that consumers rely on front-label representations when purchasing hair-care products, particularly representations concerning premium natural ingredients such as virgin coconut oil.

49.    Defendant intended consumers to rely on the "100% Virgin Coconut Oil" representation and placed it prominently on the Products' front label to influence purchasing decisions.

50.    Defendant's misrepresentation was uniform and appeared on the Products' label and in marketing materials during the relevant period.  The same core representation was made to Plaintiff and Class members at the point of sale.

**E. The Challenged Claims Caused Economic Injury**

51.    Plaintiff and Class members paid money for Products they would not have purchased, or would have paid less for, absent Defendant's misleading claims.

COMPLAINT

52. The challenged claim allowed Defendant to charge a price premium over competing products and private-label alternatives.

53. Plaintiff and Class members did not receive the benefit of their bargain because the Products do not wholly or predominantly consist of virgin coconut oil.

54. Plaintiff and Class members suffered economic injury in the amount of the purchase price paid, the price premium paid, or the difference between the Products as represented and the Products as received.

## **NO ADEQUATE REMEDY AT LAW**

55. Plaintiff seeks equitable relief, including restitution and injunctive relief, in the alternative and to the extent permitted by law. Plaintiff does not seek duplicative recovery for the same injury. Rather, Plaintiff pleads equitable remedies because legal remedies alone are not adequate to address the full scope of Defendant's alleged misconduct and the continuing harm caused by Defendant's challenged labeling and advertising.

56. First, monetary damages are inadequate to remedy Plaintiff's and the Class's prospective injuries. Damages cannot require Defendant to stop using the challenged representations, cannot require Defendant to correct or clarify its labeling and advertising, cannot require Defendant to disclose the conditions or limitations of the challenged claims, and cannot prevent consumers from being misled in future transactions. Plaintiff continues to desire to purchase hair-care, personal-care, and baby-care products, including the SheaMoisture Products, if they are truthfully labeled and advertised. But absent injunctive relief, Plaintiff cannot determine from Defendant's current labeling whether the challenged representations are accurate.

57. Second, legal damages are inadequate to restore Plaintiff's ability to rely on Defendant's representations in the marketplace. The injury is not limited to the amount Plaintiff paid in the past. Defendant's continuing use of the challenged representation threatens ongoing consumer confusion and prevents Plaintiff and other consumers from making informed future purchasing decisions. Prospective

COMPLAINT

injunctive relief is therefore necessary to stop the challenged practices and to ensure that Defendant's future labeling and advertising are accurate, complete, and non-misleading.

58.    Third, Plaintiff seeks equitable restitution under the UCL and FAL in the alternative to legal damages.  At this stage, Plaintiff cannot determine whether legal remedies will fully compensate Plaintiff and the Class because the amount of any price premium, the scope of Defendant's sales, the extent of Defendant's unjust gains, and the difference between the Products as represented and as received are matters within Defendant's possession and require discovery.  Plaintiff also seeks restitutionary relief to restore money Defendant obtained through the challenged conduct to the extent such relief is not fully available through legal damages.

59.    Fourth, equitable relief is independently appropriate because Plaintiff challenges ongoing uniform labeling and advertising practices.  A damages award would compensate, at most, past economic injury; it would not require Defendant to change its conduct going forward.  Without equitable relief, Defendant may continue to market the Products using the same or substantially similar challenged representations, and consumers will continue to face the same risk of deception.

60.    Accordingly, Plaintiff pleads equitable relief in the alternative under Federal Rule of Civil Procedure 8(d).  If the Court later determines that Plaintiff has an adequate remedy at law for some or all of her requested equitable relief, Plaintiff respectfully requests leave to conform her remedies to the evidence and applicable law.

COMPLAINT

**CLASS ACTION ALLEGATIONS**

61.    Pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), and (b)(3), Plaintiff brings this action on behalf of herself and on behalf of all members of the following putative class:

> All persons who, during the applicable limitations period, purchased in California, for personal, family, or household use and not for resale, one or more of the SheaMoisture Products bearing the representation "100% virgin coconut oil" on the front label.

62.    Excluded from the Class are Defendant and its officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, as well as any entity in which Defendant has a controlling interest. In addition, governmental entities and any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff are excluded from the Class.

63.    Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

64.    **Numerosity:** The members of the Class number in the thousands.  As a result, joinder of individual plaintiffs is impracticable.  The disposition of Plaintiff's claims will provide a substantial benefit to the persons and the court system by using Rule 23 as the vehicle to adjudicate the rights of hundreds or thousands of individuals in one cause of action. Joining and naming each Class member as a co-plaintiff is unreasonable and impracticable.

65.    **Commonality and Predominance:** Questions of law or fact common to members of the Class exist that predominate over questions of law or fact affecting

only individual members. The questions of law or fact common to all members include, but are not limited to:

a. Whether Defendant is responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Products;

b. Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of the Products;

c. Whether Defendant made material misrepresentations concerning the Products that were likely to deceive the public;

d. Whether Defendant made material omissions concerning the Products that were likely to deceive the public;

e. Whether Defendant represented the Products as "100% Virgin Coconut Oil";

f. Whether that representation was false, misleading, or likely to deceive reasonable consumers;

g. Whether Defendant knew or should have known the representation was false or misleading;

h. Whether Defendant's conduct violated the CLRA, FAL, UCL, and other laws;

i. Whether Class members paid a price premium;

j. Whether Plaintiff and the Class are entitled to injunctive relief;

k. Whether Plaintiff and the Class are entitled to money damages and/or restitution under the same causes of action as the other Class Members.

66. **Typicality:** The claims by Plaintiff are substantially similar to the claims of the entire Class and are typical of the claims of the Class.

COMPLAINT

67. **Adequacy of Representation:** Plaintiff will fairly and adequately represent the interests of the Class. The interests of the Class are not antagonistic with the interests of any individual Plaintiff. Plaintiff has the ability to assist and adequately protect the rights of the Class during the litigation. Further, Plaintiff is represented by legal counsel who is competent and experienced in consumer protection, false advertising, and complex litigation, including class action litigation.

68. **Superiority:** The maintenance of this action as a class action is superior to all other available methods of adjudication in achieving a fair and efficient adjudication of the controversy in this matter because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class;

b. The action is manageable as a class action because notice of the pendency of the action can readily be furnished to all prospective members of the Class;

c. In view of the complexity of the issues and the expense of litigation, the separate claims of the individual Class members are insufficient in amount to support the prosecution of separate actions because such members would lack the economic incentive to prosecute such actions; and,

d. The Class members have a common and undivided interest to ensure that consumers do not continue to purchase mislabeled Products.

e. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation; and

COMPLAINT

f.      Class Members' interests in individually controlling the prosecution of separate actions are outweighed by their interest in efficient resolution by single class action.

69.    Additionally, or in the alternative, the Class also may be certified under Rule 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class thereby making final declaratory and/or injunctive relief with respect to the members of the Class as a whole, appropriate.

70.    Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the Class, on grounds generally applicable to the Class, to enjoin and prevent Defendant from engaging in the acts described, and to require Defendant to provide full restitution to Plaintiff and Class members.

71.    Unless the Class is certified, Defendant will retain monies that were taken from Plaintiff and Class members as a result of Defendant's wrongful conduct. Unless a classwide injunction is issued, Defendant will continue to commit the violations alleged and the members of the Class and the general public will continue to be misled.

## COUNT ONE

### VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT ("CLRA")

### Cal. Civ. Code §§ 1750 *et seq.*

72.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

73.    Plaintiff brings this claim under the CLRA individually and on behalf of the Class against Defendant.

74.    Plaintiff and Class members are "consumers" within the meaning of Cal. Civ. Code § 1761(d).

75.    At all relevant times, Defendant constituted a "person," as defined in California Civil Code section 1761(c).

COMPLAINT

76.    The Products are "goods" within the meaning of Cal. Civ. Code § 1761(a).

77.    Defendant's sale and marketing of the Products constituted "transactions" within the meaning of the CLRA.

78.    Defendant's sale, marketing, labeling, and advertising of the Products violated the CLRA because Defendant represented that the Products were "100% Virgin Coconut Oil" when they were not.

79.    Defendant violated the CLRA by representing that the Products had characteristics, uses, benefits, and qualities they did not have, in violation of Cal. Civ. Code § 1770(a)(5).

80.    Defendant violated the CLRA by representing that the Products were of a particular standard, quality, or grade when they were of another, in violation of Cal. Civ. Code § 1770(a)(7).

81.    Defendant violated California Civil Code section 1770(a)(9) by advertising the Products with intent not to sell them as advertised.

82.    Defendant's conduct was likely to deceive reasonable consumers.

83.    Plaintiff and Class members reasonably relied on Defendant's challenged claims.

84.    Plaintiff and Class members reasonably relied on Defendant's representations and omissions.  Defendant's representations were material because reasonable consumers would attach importance to the Products' ingredient identity and composition when deciding whether to purchase them and how much to pay.

85.    Defendant's acts and practices were intended to result, and did result, in the sale of the Products to Plaintiff and Class members.

86.    Plaintiff and Class members suffered economic injury by purchasing Products they would not have purchased, or by paying more than they otherwise would have paid.

87. Plaintiff provided Defendant with notice of its CLRA violations by letter dated April 6, 2026, sent via certified mail, and demanded that Defendant correct, repair, replace, or otherwise rectify the unlawful practices described herein. Defendant failed to provide the requested relief.

88. Plaintiff seeks all relief permitted by the CLRA, including injunctive relief, actual damages, restitution, punitive damages as permitted, attorneys' fees, and costs.

89. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA, since Defendant is still representing that the Products have characteristics which they do not have.

90. Plaintiff and Class members were injured and suffered ascertainable loss, injury in fact, and/or actual damage as a proximate result of Defendant's conduct. Plaintiff and Class members overpaid for the Products and did not receive the benefit of their bargain. These injuries are the direct and natural consequence of Defendant's misrepresentations and omissions.

91. Under Cal. Civ. Code § 1780(a), Plaintiff and Class members seek monetary relief against Defendant for the harm caused by Defendant's violations of the CLRA as alleged herein.

92. Plaintiff and Class members also seek punitive damages against Defendant because its unlawful conduct constitutes malice, oppression, and fraud under Cal. Civ. Code § 3294.

93. Plaintiff and Class members seek an order enjoining Defendant's unfair or deceptive acts or practices, restitution, costs of court, and attorneys' fees under Cal. Civ. Code § 1780(e), and any other just and proper relief available under CLRA.

COMPLAINT

## COUNT TWO

### VIOLATION OF THE FALSE ADVERTISING LAW (FAL)

### Cal. Bus. & Prof. Code § 17500, et seq.

94.     Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

95.     Plaintiff brings this count individually and on behalf of members of the Class.

96.     California Bus. & Prof. Code § 17500 states: "It is unlawful for any person, … corporation …or any employee thereof with intent directly or indirectly to dispose of real or personal property… or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated … before the public in this state or from this state before the public in any state, in any newspaper or other publication, or any advertising device, … or in any other manner or means whatever, including over the Internet, any statement … which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

97.     Defendant caused to be made and disseminated statements concerning the Products, including the front-label representation "100% Virgin Coconut Oil."

98.     Those statements were false and misleading because the Products are not 100% virgin coconut oil and contain multiple other ingredients.

99.     Defendant knew or should have known that the challenged statements were false or misleading because Defendant controlled the Products' formulation and labeling and knew the Products were not 100% virgin coconut oil.

100.    Plaintiff and Class members reasonably relied on Defendant's false and misleading advertising and suffered economic injury as a result.

101.    Pursuant to Cal. Bus. & Prof. Code § 17500, Plaintiff and the Class seek an order enjoining Defendant's false advertising, any such orders or judgments as may be necessary to restore to Plaintiff and the Class members any money acquired

by unfair competition, including restitution and/or restitutionary disgorgement, and any other just and proper relief available.

## COUNT THREE

### VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW

### (UCL)

### Cal. Bus. & Prof. Code § 17200, *et seq.*

102. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

103. Plaintiff brings this count individually and on behalf of members of the Class.

104. California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 et seq., proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

105. **Unlawful Prong.** Defendant's conduct is unlawful because it violates the CLRA, the FAL, California's Sherman Food, Drug, and Cosmetic Law, including California Health and Safety Code section 111730, and the public-policy standards reflected in the Federal Food, Drug, and Cosmetic Act, including 21 U.S.C. sections 321(n) and 362(a). Plaintiff does not seek to privately enforce the FDCA; Plaintiff alleges these violations as predicate unlawful acts and as evidence that Defendant's labeling is false and misleading under California law.

106. **Unfair Prong.** Defendant's conduct is unfair because it offends established public policy favoring truthful product labeling and honest consumer advertising, is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers, and the harm to consumers is not outweighed by any countervailing benefits. Defendant could easily have used truthful qualifying language but chose not to do so.

107. **Fraudulent Prong.** Defendant's conduct is fraudulent because the Products' "100% Virgin Coconut Oil" representation is likely to deceive reasonable consumers. The Products are not 100% virgin coconut oil and instead contain numerous other ingredients.

108. Plaintiff and the other members of the Class have in fact been deceived as a result of their reliance on Defendant's material representations and omissions. This reliance has caused harm to Plaintiff and the other members of the Class, each of whom purchased Defendant's Products. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of purchasing the Products and Defendant's unlawful, unfair, and fraudulent practices.

109. Defendant's wrongful business practices and violations of the UCL are ongoing.

110. Plaintiff and the Class seek pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class seek interest in an amount according to proof.

111. Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate. Pursuant to California Business & Professions Code section 17203, Plaintiff, individually and on behalf of the Class, seeks (1) restitution from Defendant of all money obtained from Plaintiff and the other Class members as a result of unfair competition; (2) an injunction prohibiting Defendant from continuing such practices in the State of California that do not comply with advertising laws; and (3) all other relief this Court deems appropriate, consistent with California Business & Professions Code section 17203.

## COUNT FOUR

## BREACH OF EXPRESS WARRANTY

## Cal. Com. Code § 2313

112. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

113. Plaintiff brings this count individually and on behalf of members of the Class.

114. Defendant made an express warranty that the Products were "100% Virgin Coconut Oil." This representation was an affirmation of fact, promise, and description of the Products that became part of the basis of the bargain.

115. The Products did not conform to Defendant's express warranty because they are not 100% virgin coconut oil and contain multiple other ingredients.

116. Plaintiff and Class members purchased the Products in reliance on Defendant's express warranty and were injured when the Products failed to conform to that warranty.

117. Plaintiff provided Defendant with pre-suit notice of the breach through the April 6, 2026 CLRA notice letter, which identified the Products, the challenged representation, and the basis for Plaintiff's contention that the representation was false and misleading.

118. Plaintiff and the Class were injured as a direct and proximate result of Defendant's breach, including by paying a price premium and/or by purchasing products they would not have purchased absent the breach.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

a. Certifying this action as a class action under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3);

b. Appointing Plaintiff Ruffina Yuryeva as Class Representative and appointing Plaintiff's counsel as Class Counsel;

c. Declaring that Defendant's challenged conduct violates the CLRA, FAL, UCL, and other laws alleged herein;

d. Awarding actual damages, statutory damages where available, punitive damages where available, restitution, disgorgement to the extent permitted by law, and all other monetary relief available by law;

e. Ordering Defendant to cease the challenged practices and to engage in corrective advertising and/or corrective labeling;

f. Ordering Defendant to provide notice, refunds, and other appropriate relief to Class members;

g. Awarding pre-judgment and post-judgment interest;

h. Awarding reasonable attorneys' fees and costs under the CLRA, Code of Civil Procedure section 1021.5, and any other applicable law; and,

i. Awarding such other and further relief as the Court deems just and proper.

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.


Dated:  June 11, 2026                    **THE LAW OFFICES OF LEON OZERAN**



By:       */s/ Leon Ozeran*

          LEON OZERAN


          Attorney for Plaintiff


25
COMPLAINT